# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**FEDERICO H. AROMIN**                                                                             **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 1:19-CV-791-KS-RHW**

**UNITED STATES DEPARTMENT**
**OF VETERAN AFFAIRS**                                                      **DEFENDANT**

## ORDER

This cause came before the Court on the Motion to Dismiss [14] filed by the Defendant, United States Department of Veteran Affairs. Plaintiff has neither filed a response nor sought an extension of time.[1] Having considered the Defendant's filings, the record in this matter, and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds the motion is well taken and will be granted.

## I. BRIEF BACKGROUND

Plaintiff filed this action on October 24, 2019. The Complaint alleges jurisdiction pursuant to 38 U.S.C. §1151. *See* [1] at p. 3; However, his civil cover sheet also states his claims are a "medical malpractice-dentistry" claim, and the allegations alleged in his Complaint appear to bear this out. *Compare* [1-4] *with* [1] at pp. 4-5. This Court has previously construed Plaintiff's claims as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq*., which appear to stem from allegedly negligent dental work the Plaintiff received at the Biloxi VA Medical Center on May 31, 2018. *See* Order [11].[2] In the instant motion, Defendant argues that this Court is without subject matter jurisdiction.

---

[1] A copy of the Court's timing order, setting out the briefing schedule for the Motion to Dismiss was mailed to this pro se Plaintiff on March 11, 2020 per a staff note on the docket dated the same date. Plaintiff's response was due 3/24/2020. To date, the docket contains no request by Plaintiff for an extension of time.

[2] The Order denied Plaintiff's Motion for Summary Judgment, in which complained of not receiving a timely response under the FTCA in order to bring his action. *See* [3] at p. 2.

## II. DISCUSSION

### A. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss. Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A district court may dismiss an action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on any one of three separate bases: (a) the complaint alone; (b) the complaint supplemented by undisputed facts evidenced in the record; or (c) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012); *Den Norske Stats Oljeselskap As v. HeereMack Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The party asserting jurisdiction bears the burden of establishing it when the court's subject matter jurisdiction is challenged. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

### B. Analysis

The Plaintiff has failed to carry his burden to establish subject matter jurisdiction. To the extent the Complaint were a proper claim for VA benefits under 38 U.S.C. § 1151, the Court is without jurisdiction, as the Secretary of the VA is the only person who has authority to hear claims for denial of veteran's benefits. Thus, Plaintiff's claim is foreclosed by 38 U.S.C. § 511(a), which provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."

In addition, in the Veterans Judicial Review Act,[3] "Congress conferred on the Veterans Court 'exclusive jurisdiction' to review decisions of the Board of Veterans Appeals, 38 U.S.C. § 7252(a), and its powers include the authority to decide any question of law relating to benefits proceedings . . . ." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1021-22 (9th Cir. 2012). From there, "[t]he United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals." *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 414 (5th Cir. 2013). Therefore, to that extent, this Court has no subject matter jurisdiction, and the Complaint must be dismissed.

On the other hand, to the extent Plaintiff's Complaint is actually an attempt to file a medical malpractice lawsuit for the actions of the VA under the FTCA, the Plaintiff has named the wrong Defendant. The FTCA authorizes, in certain instances, suit against *the United States* for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The Act goes on to state that any other statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency which is cognizable under the tort claims provision. Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. *See* 28 U.S.C. § 2679(a).

In light of this explicit language, the courts have consistently held that an agency or government employee cannot be sued *en nomine* under the Federal Tort Claims Act. *Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181 (5th Cir. 1988), citing *Hughes v.*

---

[3] The Veteran's Judicial Review Act was enacted in 1988 to create an opportunity for veterans to challenge VA benefits decision, but also to assign exclusive jurisdiction over their claims to a centralized system comprised of the Board of Veteran's Appeals, a newly established Court of Veterans Appeals (now named the Court of Appeals for Veterans Claims), and the Federal Circuit. *Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1325-26 (N.D. Ala. 2016) (quoting *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1997)).

*United States*, 701 F.2d 56, 58 (7th Cir.), *aff'g* 534 F. Supp. 352, 354 (N.D. Ill. 1982). Thus, an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed for want of jurisdiction. *Gregory v. Mitchell*, 634 F.2d 199, 204-205 (5th Cir. 1981); *Carr v. Veterans Administration,* 522 F.2d 1355, 1356 (5th Cir. 1975).

**III. CONCLUSION**

Based on the foregoing, the Court finds that there is no subject matter jurisdiction in this case, and therefore, Defendant's Motion to Dismiss [14] is hereby granted. The Plaintiff's claims are dismissed without prejudice. This case is closed.

SO ORDERED AND ADJUDGED this 6th day of April 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE